UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                              CASE No. 8:09-CR-119-T-17TGW

JEFFREY FRIEDLANDER,
TROY WUBBENA.

---

REPORT AND RECOMMENDATION

The defendant Troy Wubbena has filed a Motion for Payment for Copy Costs of Discovery (Doc. 133) for approval of expenses in the amount of approximately $60,000 to copy, scan, and bates stamp approximately three hundred thousand pages of documents. The matter was referred to me for a report and recommendation (Doc. 136).

At this point, the request regarding the documents is substantially overstated. Until that request is narrowed, and a new estimate is obtained, I recommend against submitting to the court of appeals any request for approval of costs.

Moreover, defendant Wubbena's business owns a 2004 Porsche which was purchased in January for $28,000. I recommend against approving

any cost request until that vehicle is sold and the proceeds applied against the copying expenses.

I.

On December 15, 2009, an evidentiary hearing was conducted at which defendant Wubbena testified about his financial position, the amount he promised to pay his attorney, and monies that have already been paid to counsel. Information elicited concerning attorney's fees is being filed in a supplement under seal. It is enough to state here that the funds paid to the attorney did not cover costs.

The defendant testified that, since the time of his arrest in April 2009, his income from unemployment compensation and loans from his parents are inadequate to cover his living expenses. The defendant stated further that his physician assistant license has been suspended, the two residences he owns are near foreclosure, and the cars in his name are approaching repossession. Wubbena's only apparent asset is a 2004 Porsche Cayenne vehicle, which was purchased in January 2009 for $28,000 by his now defunct company, Neurology and Pain Centers.

The Assistant Federal Defender, who represents defendant Jeffrey Friedlander, stated at the hearing that the $60,000 necessary to copy the

documents is beyond the office's budgetary resources. When pressed about this general response, he was unable to provide any specifics regarding the lack of authorization for copying costs.

II.

Notably, defendant Wubbena's conclusory memorandum cites only Ake v. Oklahoma, 470 U.S. 68 (1985), in support of his request for copying costs (Doc. 133, p. 2). Ake, which was a death penalty case involving a request for a court-appointed psychiatrist, seems inapposite. Here, the documents are all available for examination through the United States Attorney's office. The government attorney stated, without contradiction, that the defense lawyers have spent only about one hour looking at the records since April 2009 when the records were seized. Consequently, the request for copies appears to be more of a convenience than a necessity.

Although the Criminal Justice Act, 18 U.S.C. 3006A, is not mentioned in the defendant's memorandum, that Act would authorize copying expenses in appropriate circumstances. Thus, 18 U.S.C. 3006A(e)(1) provides:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the

> services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

Accordingly, under the Criminal Justice Act, the services requested by the indigent defendant must be necessary for an adequate defense.

### III.

It is hard to believe that the defendant requires all three hundred thousand pages to mount an effective defense in this case. In fact, the defendant indicated at the hearing that he does not need the financial documents. Moreover, he has not made any showing that he even needs all patient records. It seems to me that patient files showing proper medical procedures and an appropriate prescription for medication provide no defense to a charge of illegally prescribing controlled substances to other individuals. Thus, the copying of such files is not necessary for an adequate defense.

On the other hand, it seems evident that the defendant will at least need the patient files and related documents that the government will introduce at trial. Although the government resists disclosing that information, apparently because of a concern that its proof would be limited, I recommend that an Order

be entered directing the government to disclose within a short period the documents of patients (and any non-patients who received illegal prescriptions) that the government intends to offer in its case-in-chief as evidence of illegal activity. This disclosure should not limit the government's proof, and the government should be permitted to supplement its disclosure subsequently.

Further, there may be other documents that the defendant can show are necessary to an adequate defense. Accordingly, the defendant should be permitted to make such a showing for the copying of such documents by providing a specific and cogent reason.

After the government has submitted its initial disclosure, and after the defendant has made its request for any additional documents to be copied, the defendant should obtain a new estimate of the defendant's request for services. That estimate should be broken down between copying, scanning, and bates stamping. Further, a separate estimate should be obtained for the additional documents specified in the defendant's showing.

In any event, no request for costs should be forwarded to the court of appeals until Wubbena's business sells the Porsche and the funds from that sale are available to be applied to the cost of copying. It seems unjustifiable to

me for the government to pay the copying costs while Wubbena retains the Porsche.

As to the Federal Defender's office, it has not submitted a request for the payment of copying costs. Thus, there is no basis for that office to obtain costs pursuant to 18 U.S.C. 3006A(e)(1). Moreover, the Federal Defender's response to the inquiry why that office did not pay for the copies, which was essentially, "it isn't worth it," undercuts Wubbena's request.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: December 18, 2009

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).